NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIJEONG KIM, individually and on behalf of all others similarly situated, | No. 22-56063 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-01907-JLS-KS |
| v. | MEMORANDUM[*] |
| BLUETRITON BRANDS, INC., *et al*., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted January 12, 2024[**]
Pasadena, California

Before: TALLMAN, BENNETT, Circuit Judges, and LASNIK,[***] District Judge.

We write primarily for the parties who are familiar with the facts. Mijeong

Kim filed a putative class action against BlueTriton, Amazon, and Mohammadrez

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Shahrbabki (together, the "Defendants"). Plaintiff claims that Defendants, in connection with the labeling and sale of Arrowhead Brand water, violated California's Unfair Competition Law ("UCL"), False and Misleading Advertising Law ("FAL"), and the California Legal Remedies Act ("CLRA"). She also claims Defendants breached implied and express warranties, made negligent and fraudulent misrepresentations, violated the Racketeer Influenced & Corrupt Organizations ("RICO") statute, and unjustly enriched themselves. The district court dismissed all of Plaintiff's claims for failure to state a claim for which relief can be granted. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's dismissal de novo, *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019), we affirm.

1. The district court correctly found that Arrowhead Brand's label is not likely to mislead a reasonable consumer to believe that the water was sourced exclusively from Arrowhead Mountain. Plaintiff's claims under the FAL, CLRA, the "fraudulent" prong of the UCL,[1] as well as her common law claims for fraudulent and negligent misrepresentation, are analyzed together under the "reasonable consumer" test. *Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th

---

[1] The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is a separate and distinct theory of liability." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009).

2

Cir. 2019); *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2014). Under this test, a Plaintiff must show that "members of the public are likely to be deceived." *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir.1995)). This requires more than a mere possibility that a label "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Ebner v. Fresh*, Inc., 838 F.3d 958, 965 (9th Cir. 2016) (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)). Claims subject to the "reasonable consumer" test are properly dismissed when no reasonable consumer would be deceived. *Williams*, 552 F.3d at 940.

Here, the label is not misleading. It displays the term "Arrowhead" followed by the registration symbol "®" and the word "Brand." The back of the label conspicuously lists the sources of the spring water in large capital letters. Even assuming the label was somehow ambiguous, our decision in *McGinity* makes clear that when "ambiguity" on the front of a label "can be resolved by reference to the back label," a reasonable consumer would not be deceived. *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1098–99 (9th Cir. 2023). We also previously considered and rejected an identical argument made by Plaintiff's counsel regarding Arrowhead Brand's label. *See Chong v. Nestlé Water N. Am., Inc.*, No. 20-56373, 2021 WL 4938128, at *1 (9th Cir. Oct. 22, 2021) ("[N]o reasonable consumer would be misled

by any of the product labels at issue in this suit."). Thus, the district court properly dismissed Plaintiff's claims.

2.    The district court correctly dismissed Plaintiff's "bait-and-switch" theory. Plaintiff argues that Defendants "baited" her with bottles depicting a "front view" of the Arrowhead Mountain but delivered—"switched" to—a product with a "side view" of the Mountain. The bait-and-switch theory is premised on the assumption that the product advertised is "significantly different" than the one received. *Veera v. Banana Republic, LLC*, 6 Cal. App. 5th 907, 921 (2016). Yet, Plaintiff fails to describe any meaningful differences between the product she ordered and the product she received; instead, she admits that regardless of the angle at which Arrowhead Mountain was depicted, she believed the water was sourced exclusively from Arrowhead Mountain. Absent facts describing how the labels were meaningfully different, Plaintiff's admission forecloses any bait-and-switch theory of liability.

3.    The district court properly dismissed Plaintiff's claims under the UCL's "unlawful" prong. Plaintiff argues that the Defendants violated the UCL because the spring water source list was not "prominently placed" in violation of federal and state law. "The unlawful prong of the UCL 'borrows violations of other laws and treats them as unlawful practices,' which the UCL then 'makes independently actionable.'" *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 858–59 (N.D. Cal.

2012) (quoting *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 539–540 (Cal. 1999)).  Plaintiff fails to explain how or why the list was not "prominently placed."  Conclusory allegations are insufficient to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Because Plaintiff's conclusion is unsupported by factual allegations, the district court properly dismissed her claim.

**4.**     Plaintiff's remaining claims—*i.e.*, violation of the UCL's unfair prong, breach of express and implied warranties, violation of RICO, and unjust enrichment—all fail because they presume the success of her consumer deception and fraud claims. For example, Plaintiff relies on her bait-and-switch theory and consumer deception claims to argue "unfairness" under the UCL.  She similarly argues breach of warranties based on the label's "false representation" that the water is sourced from Arrowhead Mountain.  And, under RICO, Plaintiff argues that the Defendants engaged in a pattern of racketeering activity by committing mail and wire fraud— both of which require an act of fraud to succeed.  Because all of Plaintiff's theories fail, she cannot show actionable deception or wrongdoing required for an unjust enrichment claim.  *See Chong*, 2021 WL 4938128, at *1 ("Restitution under an unjust enrichment theory is only required if 'it is unjust' for the benefiting party to retain that benefit."  (quoting *Ghirardo v. Antonioli*, 924 P.2d 996, 1003 (Cal.

5

1996))).  Therefore, Plaintiff's failure to plead consumer deception is fatal to all her claims.[2]

**AFFIRMED.**

---

[2] Under RICO, Plaintiff challenges the district court's conclusion that Defendants are not an "enterprise" with a "common purpose."  We need not reach this issue because the complaint fails to allege "a pattern . . . of racketeering activity," a necessary element under RICO. *Fireman's Fund Ins. Co.*, 258 F.3d at 1021 (9th Cir. 2001); *see also United States. ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 992 (9th Cir. 2011) (holding that this Court "can affirm a 12(b)(6) dismissal 'on any ground supported by the record, even if the district court did not rely on the ground.'" (quoting *Livid Holdings, Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005))).